IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-398 |
| | ) | |
| ANTHONY J. BENISH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JUDGMENT OF FORECLOSURE AND SALE

The above action coming on to be heard on October 27, 2010, the Office of the

United States Attorney for the Western District of Wisconsin, appearing for the plaintiff,

United States of American ("Plaintiff"), and due proof having been made and filed that

Defendant waived service of the summons and complaint; and it appearing by the

declaration of Megan McDermott, Assistant United States Attorney, Office of the

United States Attorney for the Western District fo Wisconsin, that the time for

answering the complaint has expired, and that no answer or other responses has been

served upon or received by Plaintiff's attorney from the Defendant; and the Clerk of the

United States District Court for the Western District of Wisconsin having entered the

default of said Defendant; and it further appearing that notice of application for

judgment was mailed to said Defendant, and a certificate of service by mail was file

1

with the Clerk of Court; and proofs of the matters and things alleged in the complaint and the computation of the amount due Plaintiff having been duly taken in open court, and the Court having filed its Findings of Fact and Conclusions of Law;

Now therefore, on application of the Office of the United States Attorney for the Western District of Wisconsin, attorney for Plaintiff,

1.      IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including October 27, 2010, the sum of $215,388.35 as set forth in Attachment A.

2.      IT IS FURTHER ORDERED that the Defendant has no further legal or equitable interest in the property, subject to Defendant's rights to proceeds specified in paragraph 7 herein, and that Plaintiff is entitled to immediate possession of the items of security in which Farm Service Agency has a security interest, set out in the complaint on file herein, and Attachment B.

3.      IT IS FURTHER ORDERED that Plaintiff may exercise its rights to have execution issued and require the United States Marshal to take possession of said items of security at any time after the date of this judgment, and deliver the items of security to Plaintiff, and that a writ of execution shall issue if necessary to secure such possession.

4.      IT IS FURTHER ORDERED that these items of security, described in paragraph 2 above, may be sold individually or as a whole at public or private sale by or under the direction of the United States Marshal or Farm Service Agency.

5.      IT IS FURTHER ORDERED that unless otherwise ordered by the Court, shall thereupon pay from the proceeds of said sale up to the amount in paragraph 1 and Attachment A of said judgment, together with interest on all of said sums at the rate of

zero and twenty-two one-hundredths percent (0.22%) per annum from the date of judgment.

6.   IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to pay the amounts aforesaid, Plaintiff may report the amount of the deficiency to the Court and apply for entry of deficiency judgment.

7.   IT IS FURTHER ORDERED that if there is surplus from the proceeding of such sale, said surplus shall be deposited with the Clerk of Court and subject to further Court order.

8.   IT IS FURTHER ORDERED that the Defendant, his heirs, successors or assigns, and all persons claiming under him, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said collateral.

9.   IT IS FURTHER ORDERED that Defendant and all persons claiming under him be and they are hereby enjoined from doing any act that may impair the value of the collateral.

Dated this **27th** day of October, 2010.

BY THE COURT:

*Barbara B Crabb*

BARBARA B. CRABB
United States District Judge

Entered at Madison, Wisconsin, this *1st* day of ~~October,~~ *november* 2010.

*Peter Oppeneer*

PETER OPPENEER
Clerk of Court

3

ATTACHMENT A

UNITED STATES OF AMERICA v. ANTHONY J. BENISH
Case Number 10-cv-398

| | | |
|---|---|---|
| a. | Principal as of October 27, 2010 | $200,000.00 |
| b. | Interest as of October 27, 2010 | $ 15,188.35 |
| | Subtotal | $215,188.35 |
| d. | Court Cost and Disbursements: | |
| | (1)   Attorney's Fees | $200.00 |
| | Subtotal | $200.00 |

**TOTAL AS OF October 27, 2010**          **$215,388.35**

ATTACHMENT B

UNITED STATES OF AMERICA v. ANTHONY J. BENISH
Case Number 10-cv-398

LIST OF ITEMS OF SECURITY

(b)  All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
|  |  |  |  |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

5

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* ___Wisconsin___ :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Combine | John Deere | 9500 | VG | | 670237 |
| 2 | 1 | Corn Head | John Deere | 693 | EX | | 666390 |
| 3 | 1 | Bean Head | John Deere | 920 | VG | | 671572 |
| 4 | 1 | Tractor | John Deere | 4850 | G | | F013942 |
| 5 | 1 | Tractor w/loader | John Deere | 2950 | G | | 013942 |
| 6 | 2 | Gravity boxes | Easy trail | 500 bu | EX | | 3072132 & 3072136 |
| 7 | 1 | Header Cart | Easy Trail | | VG | | 2114501 |
| 8 | 1 | Feild finisher | Landall | 25' | G | | |
| 9 | 1 | Disc | John Deere | 26' | G | | |
| 10 | 1 | Corn Planter | John Deere | 7000 no til | G | | 093537 |
| 11 | 1 | Gravity box | Kill Bros | 175 bu | G | | |
| 12 | 1 | Flat Bed Wagon | Kasten Gear | 24' | F | | |
| 13 | 1 | Dozer Blade | John Deere | 84" | EX | | |
| 14 | 4 | Fertilizer tanks | | 1500 gal | F | | |
| 15 | 1 | Fuel tank and pump | | 1000 gal | G | | |
| 16 | 1 | Dirt Bucket | John Deere | 84" | VG | | |
| 17 | 1 | Rock Bucket | John Deere | 72" | VG | | |
| 18 | 1 | Pellet Tine | John Deere | 62" | VG | | |
| 19 | 1 | Bale Tine | John Deere | | VG | | 73175 |
| 20 | 1 | Round Baler | Gehl | 1710 | F | 92 | 19732 |
| 21 | 1 | Auger | | 10" x 70' | G | | |
| 22 | 1 | 3 wheeler | | | P | | |
| 23 | 1 | Corn Head | John Deere | 444 ? | G | | None |
| 24 | 1 | Rotary hoe | M&W | 20' | EX | | 2617 |
| 25 | 1 | bale rack | EZ Trail | 9' x 16' | G | | |
| 26 | 1 | Baler | New Holland | 315 | G | | |
| 27 | 1 | 3/4 ton Ford F250 | | | | | |
| 28 | 1 | 1 ton Ford F-350 | | | | | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*   __Wisconsin__   :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following: